NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| APOLONIA PAM DOMINGO-MARCOS; et al., | No. 17-71611 |
| Petitioners, | Agency Nos. A206-848-461<br>A206-848-462<br>A206-848-463 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 12, 2023
Pasadena, California

Before: M. SMITH, FRIEDLAND, and MILLER, Circuit Judges.

Apolonia Pam Domingo-Marcos and her two children petition for review of

the Board of Immigration Appeals' decision dismissing their appeal from an

Immigration Judge's decision rejecting their claims of United States citizenship

and ordering them removed. We transferred proceedings to the district court under

8 U.S.C. § 1252(b)(5)(B) to review the claims of citizenship de novo. Following

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

discovery, the district court granted summary judgment to the government. We have jurisdiction under 8 U.S.C. § 1252, and we reverse the district court's judgment and remand for further proceedings.

We review the district court's grant of summary judgment de novo. *Giha v. Garland*, 12 F.4th 922, 925 (9th Cir. 2021). "Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (quoting *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013)).

The district court erred in granting the government's motion for summary judgment with respect to Domingo-Marcos's citizenship claim. The government bears the initial burden to establish citizenship by clear and convincing evidence. *Giha*, 12 F.4th at 929. The government carried that burden by presenting evidence that Domingo-Marcos was born outside the United States, including a Guatemalan birth certificate, certified birth record, identity card, and baptismal certificate in Domingo-Marcos's name. Domingo-Marcos does not dispute that the documents refer to her.

Nevertheless, Domingo-Marcos presented sufficient contradictory evidence to establish a genuine dispute of material fact about her citizenship, such that a

reasonable factfinder could conclude by a preponderance of the evidence that she was born in the United States. *Giha*, 12 F.4th at 928–29. That evidence includes a declaration from Ana Ramirez, a family friend, stating that she "personally witness[ed] Apolonia Pam Domingo-Marcos [being] born at Palomar Hospital in Escondido, CA." Domingo-Marcos has not forfeited reliance on Ramirez's declaration: She attached the declaration as an exhibit to her opposition to summary judgment and relied on it in her opening brief on appeal. If Ramirez were to testify at trial, her testimony would not be hearsay. *See* Fed. R. Evid. 801(c)(1). At this stage, that is sufficient. *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (en banc) (explaining that at summary judgment, the proponent need only "set out facts that it will be able to prove through admissible evidence").

In addition, Domingo-Marcos, her grandmother, Juana Mateo-Francisco, and her aunt, Josemelita Patricia Marcos-Mateo, all attested that Domingo-Marcos was born in the United States. Another aunt, Maria Baltazar-Marcos, attested that Domingo-Marcos's mother returned from the United States with Domingo-Marcos when she was a baby. Although testimony from those witnesses would be hearsay, such testimony would likely be admissible under Federal Rule of Evidence 803(19), and it creates a genuine dispute of fact independent of Ramirez's testimony.

The district court also erred in granting summary judgment in favor of the government as to Domingo-Marcos's children. Under 8 U.S.C. § 1409(c), children have the nationality status of unwed mothers who are continuously physically present in the United States for one year. *Sessions v. Morales-Santana* invalidated that provision, but did so only "prospectively" as to children born after that decision issued. 582 U.S. 47, 76–77 (2017). Domingo-Marcos's children were born in 2005 and 2012. Marcos-Mateo attested that Domingo-Marcos was "one year, and five months" old when Domingo-Marcos's mother said she was moving the family back to Guatemala. Ramirez likewise stated that Domingo-Marcos was "around 1.5 years old" when she left the United States.

A reasonable factfinder might ultimately decide not to credit the evidence offered by Domingo-Marcos. But at the summary-judgment stage, that evidence is sufficient to create a genuine dispute of fact as to her citizenship and that of her children. We therefore reverse the grant of summary judgment and remand for further proceedings.

Costs shall be taxed against the respondent.

**REVERSED and REMANDED**.

4